UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Luz Esther Rodriguez,   Case No. 18-20215-beh

    Debtor.   Chapter 13

**MEMORANDUM DECISION AND ORDER OVERRULING WITHOUT PREJUDICE DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 8 FILED BY LVNV FUNDING LLC C/O RESURGENT CAPITAL SERVICES**

    Bankruptcy courts see plenty of unopposed motions and claim objections to which no response is filed. The lack of response does not always pave an "express route" to a favorable order. This decision examines an unresponded-to claim objection, and describes the legal roadblocks to sustaining it.[1]

    On October 1, 2018, debtor Luz Rodriguez filed an objection to proof of claim number 8, asserting insufficient documentation. CM-ECF Doc. No. 33. The proof of claim, filed by LVNV Funding LLC c/o Resurgent Capital Services, is for a total amount of $7,246.26, with a secured portion of $800 and an unsecured portion of $6,446.26. Resurgent/LVNV did not respond to Ms. Rodriguez's objection, and on November 19, 2018, she filed a proposed order disallowing the claim, for the Court's signature. CM-ECF Doc. No. 35. Although the debtor's claim objection is at times unclear as to the secured

---

[1] Although this district has adopted by local rule "negative notice" procedures for most contested matters, a lack of response does not entitle the movant to the requested relief; the rules expressly contemplate that the Court may hold a hearing on even an unopposed motion or claim objection to satisfy itself that there is a basis for the relief sought. *See* L.R. 9014(a)(4) ("[T]he court typically does not schedule a hearing . . . unless there is a timely objection or the court otherwise concludes that a hearing is necessary or desirable. . . . In the absence of an objection, the court may direct a party to give notice of a hearing that it deems necessary or appropriate to hold before acting on the motion or other request for action."); L.R. 3007(e) ("the court may hold a hearing [on an objection to claim] to inquire about the legal basis for the objection or to determine whether the Affidavits filed in support of the objection are sufficient to overcome the presumption of validity provided by Fed. R. Bankr. P. 3001(f)").

nature of the claim,[2] there is no doubt that she is seeking disallowance of the claim in its entirety. *See* CM-ECF Doc. No. 35 (proposing that the Court enter an order providing that "Claim No. 8 filed by Resurgent Capital Services, LP on behalf of LVNV Funding, LLC is disallowed in its entirety"). Because the debtor has failed to establish that there is a basis to disallow the claim, the Court cannot sustain the objection despite the lack of response from the creditor. For the reasons that follow, the Court will overrule the debtor's objection, without prejudice.

## DISCUSSION

Resurgent Capital Services filed a partially secured proof of claim on behalf of LVNV Funding LLC as claim number 8 on the Court's claims register. The claim includes a secured portion of $800, purportedly based on a perfected security interest in Ms. Rodriguez's 2002 Chrysler PT Cruiser ("title" is claimed as the basis for perfection), and an unsecured portion of $6,446.26. The claim reflects that it was acquired from Springleaf Financial Services of Wisconsin, and is supported with the following documentation: (1) a 2015 state court judgment in favor of LVNV Funding LLC and against Ms. Rodriguez in the amount of $7,246.26; (2) a 2008 loan agreement between Ms. Rodriguez and American General Financial Services of Wisconsin (n/k/a Springleaf Financial Services of Wisconsin) in which she pledges a 2002 Chrysler PT Cruiser as collateral for the loan; (3) a Wisconsin Certificate of Title for the PT Cruiser, with an issue date of 12/22/2006; and (4) a limited power of attorney between Resurgent Capital Services and LVNV Funding LLC.

Ms. Rodriguez objected to Resurgent's proof of claim on two grounds: (1) the claim is not supported with evidence that the 2008 loan was transferred

---

[2] The objection seems to recognize that the claim is only *partially* secured, *see* CM-ECF Doc. No. 33-1, at 1 (describing the proof of claim as being filed "as a secured claim in the total amount of $7,246.26 ($800.00 as secured and $6446.26 as unsecured)"), but more often characterizes the claim as *entirely* secured, *see id.* at 2 (describing a judgment of $7,246.26 as being "for the exact amount listed on Claim 8 as the total amount of the secured claim owed to LVNV") and CM-ECF Doc. No. 33, at 1 ("Resurgent, on behalf of LVNV filed a secured proof of claim in the amount of $7,246.26 on January 11, 2018 . . . .").

(from Springleaf/American General) to LVNV; and (2) the claim is not supported with evidence of LVNV's security interest. The objection includes as attachments an affidavit of the debtor's attorney and several exhibits.

The debtor's objection cites generally to 11 U.S.C. § 502, but fails to explain precisely why or how that Code section requires disallowance of the claim—for example, because the claim is unenforceable under applicable law or otherwise, § 502(b)(1). Nothing in section 502 requires disallowance of a claim based on insufficient documentation. *See* §§ 502(b)(2) (unmatured interest); (b)(3) (certain tax claims assessed against property of the estate); (b)(4) (services of an insider or attorney that exceed reasonable value); (b)(5) (unmatured debt that is non-dischargeable under § 523(a)(5)); (b)(6) (certain lease-termination damages); (b)(7) (certain employment-termination damages); (b)(8) (certain debts related to employment tax credits); and (b)(9) (untimely-filed claims). The substance of the debtor's objection—that the claim is not supported with sufficient documentation—suggests that the objection is premised instead on an alleged violation of Bankruptcy Rule 3001, which governs the requirements for filing proofs of claim.

As applied to Ms. Rodriguez's lack-of-transfer-evidence argument (the first ground for the objection), Rule 3001 is of little help. Rule 3001 does not require a claimant to attach to the proof of claim evidence of a pre-petition transfer, such as a copy of the transfer agreement or assignment. *See In re Habiballa*, 337 B.R. 911, 916 n.1 (Bankr. E.D. Wis. 2006). Even assuming that such documentation *were* required, failure to comply with Bankruptcy Rule 3001 would not, on its own, provide a basis for disallowing Resurgent's claim; it simply would deprive the claim of the *prima facie* status normally enjoyed under Fed. R. Bankr. P. 3001(f). *See id.* at 914. Lack of *prima facie* validity, by itself, is not a reason for disallowance: "Even a claim that does not meet the Rule 3001 standards for *prima facie* status should not be disallowed without some evidence from the objector." *Id.* at 915. *See also In re Cluff,* 313 B.R. 323, 331–32 (Bankr. D. Utah 2004) ("If a claim is not granted *prima facie*

validity, a formal objection coupled with some evidence which tends to 'meet, overcome, or at least equalize' the statements on the proof of claim is sufficient to rebut the claim. . . . In order to defeat a claim that contains some evidence, but that is not accorded *prima facie* status, a debtor could make an allegation supported by a signed affidavit, that some or all of the [] claim was not owed or that the debt had been satisfied."); *In re Gorman*, 495 B.R. 823, 827 (Bankr. E.D. Tenn. 2013) ("An allegation of lack of documentation is not a valid objection even if the Debtors re-characterize it as an objection to standing. A valid objection to standing must raise a factual dispute about who is the holder of the claim. The Debtors must allege that, to the best of their knowledge, information, and belief, either (a) they owe someone else or (b) they do not owe the obligation at all.").

Ms. Rodriguez's objection falls short of meeting her initial evidentiary burden of rebuttal—whether the claim is afforded *prima facie* status, or a lesser degree of evidentiary effect. Indeed, the objection presents no "evidence" at all. It is supported by an affidavit *not* from the debtor, but from the debtor's attorney, who claims no personal knowledge of the debtor's obligation (if any) to LVNV. In this respect, the debtor's objection runs afoul of Local Rule 3007(b), which requires that a "claim objection must be supported by one or more Affidavits or declarations stating facts in support of the objection made by individuals with personal knowledge of those facts." *See also In re Ryan*, Case No. 18-20366-gmh, CM-ECF Doc. No. 58 (Bankr. E.D. Wis. July 23, 2018). The debtor could have, but did not, file her own affidavit, disputing the validity of the underlying debt. But upon reviewing her schedules, it appears that there *is no* dispute. On Schedule E/F, Ms. Rodriguez lists an unsecured debt of $7,246 owed to LVNV Funding, based on a "judgment entered." CM-ECF Doc. No. 1, at 28. The debt is not characterized as disputed or contingent. Rather than establish that she does not owe a debt to LVNV, the debtor has instead conceded its existence, through her schedules signed under penalty of perjury.

Ms. Rodriguez's recognition that she owes a debt to LVNV based on a *judgment*—the 2015 state court judgment for $7,246.26 that is attached both to the proof of claim and to the debtor's objection—makes her insistence on evidence of the transfer of the loan from Springleaf/American General even more puzzling. The judgment itself establishes the debtor's obligation to repay LVNV, and it alone is a valid basis for a claim in bankruptcy. If Ms. Rodriguez believed that LVNV lacked standing to collect the debt or to obtain the judgment (as her objection now seems to suggest), she could have raised that defense in the state court proceeding. Even if the loan were not properly transferred to LVNV, the *Rooker–Feldman* doctrine bars this Court from questioning the propriety of the state court's determination that the debtor owes a debt to LVNV. *See e.g.*, *Brazelton Cedar Rapids Grp. LC,* 264 B.R. 195, 198–99 (Bankr. N.D. Iowa 2001). Because the Court is bound to recognize the state court judgment as creating an enforceable obligation owed by the debtor to LVNV, evidence of loan transfer is irrelevant to the validity of the claim, and lack of such evidence cannot form a basis to disallow it.

The allegedly secured status of an $800 portion of the claim is a different matter. Bankruptcy Rule 3001(d) requires that a secured proof of claim be "accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d). The certificate of title attached to the proof of claim—presumably meant to serve as evidence of perfection—fails to satisfy this requirement. The date on the certificate of title is December 22, 2006. The debtor entered into a loan agreement with American General in 2008. On its face, the 2006 certificate of title cannot serve as evidence of the perfection of a security interest created in 2008.[3]

Because this portion of the claim does not enjoy *prima facie* status as to its secured nature, the question becomes whether the debtor's objection is

---

[3] "The only method of perfecting a security interest in a motor vehicle in Wisconsin is pursuant to § 342.19, Wis. Stats." *Kahl v. General Motors Acceptance Corp. (In re Kahl)*, 316 B.R. 919, 922 (Bankr. E.D. Wis. 2003). *See infra* n.5 and accompanying text for a discussion of that Wisconsin statute.

sufficient to shift the burden of production back to the claimant. *See Habiballa*, 337 B.R. at 917. The debtor asserts that disallowance is required because the proof of claim lacks evidence "supporting LVNV's claim of a security interest." But that is not entirely true. The proof of claim is supported by a 2008 security agreement in which Ms. Rodriguez granted American General a security interest in her 2002 PT Cruiser. *See* 11 U.S.C. § 101(51) (defining a security interest as a "lien created by an agreement"); *see also* Wis. Stat. § 409.203 (an enforceable security interest is created when (1) value has been given; (2) the debtor has rights in the collateral; and (3) the debtor has authenticated a security agreement that provides a description of the collateral). Ms. Rodriguez does not dispute that she executed the agreement or that she granted American General a security interest in the vehicle in doing so, nor does she claim to have paid all amounts due under the agreement in full satisfaction of the lien. These concessions and omissions, coupled with the attachment of LVNV's state court judgment to the proof of claim (which suggests that LVNV purchased, was assigned, or otherwise obtained American General's rights and interests in the security agreement) are *some evidence* that LVNV holds a security interest in the collateral.

      The "facts" that Ms. Rodriguez asserts to counter this evidence (through her attorney's affidavit) are relevant not to whether LVNV holds a security interest, but to whether the interest was or is perfected under Wisconsin law. Her attorney declares that (1) the certificate of title that is attached to the proof of claim does not list LVNV, American General, or Springleaf as lien holders; (2) a printout from the Wisconsin Department of Transportation's website dated October 19, 2017 reflects that there are no liens on the vehicle and that a paper title was delivered to the owner; and (3) the debtor has in her possession a copy of the title for the vehicle in question indicating that there are no lien

holders.[4],[5]  Whether a perfected security interest has been noted on a certificate of title is a separate matter from whether a security interest exists. *See, e.g., In re Lortz*, 344 B.R. 579, 583 (Bankr. C.D. Ill. 2006) ("[I]t is worth emphasizing the distinction between a security interest and perfection of that interest. It is entirely possible for a creditor to hold a valid security interest that is not perfected. A signed security agreement stands by itself and governs the creditor's rights in collateral with respect to the debtor. A security agreement is enforceable against a debtor even if the security interest is not perfected. Perfection is only significant, indeed critical, with respect to the creditor's rights vis-a-vis third parties.").

The Court presumes that Ms. Rodriguez's intent in raising this second alleged ground for disallowance is to challenge the perfection of any security interest held by LVNV.  But the debtor does not affirmatively make that contention.  The only legal argument before the Court is that Resurgent's claim should be disallowed under an unspecified provision of 11 U.S.C. § 502 because "Resurgent failed to provide evidence . . . supporting LVNV's claim of a security interest."  This is, in essence, the same argument the Court considered (and rejected) vis-à-vis the debtor's transfer-evidence assertions: that lack of documentation required by Bankruptcy Rule 3001 (this time, Rule 3001(d)) compels disallowance.  The Court rejects this latter argument for the same reasons.  *See, e.g., In re Drake*, 363 B.R. 1, 4 (Bankr. D.D.C. 2006) ("A creditor's failure to fully comply with the documentary requirements of Rule 3001(d) does not provide a basis for disallowing a claim.").

---

[4]  The debtor's attorney does not explain in his affidavit how he satisfies the "personal knowledge" requirement of Local Rule 3007(b).  Presumably, the debtor is capable of submitting her own affidavit to authenticate the copy of the certificate of title in her possession.

[5]  Under the version of Wis. Stat. § 342.19 applicable when the debtor entered into the security agreement with American General, a security interest in a vehicle was perfected upon delivery of certain required documents, including the existing certificate of title and an application for a certificate of title containing the name and address of the secured party, to the Wisconsin Department of Transportation.  The current version of the statute, effective July 2010, provides that secured parties who are not individuals are obligated to file a "security interest statement" in the manner specified in § 342.245(1) (which contemplates electronic filing of lien documents) in order to perfect a lien.  Wis. Stat. § 342.19(2).

This does not mean that the debtor *cannot* prevail on a claim objection contesting the secured nature of the claim. For example, if Ms. Rodriguez filed a signed affidavit declaring that American General/Springleaf/LVNV provided her with a contractual release of its security rights in the PT Cruiser, or that she substituted different collateral in place of her PT Cruiser as security for the loan to American General, or even that a party other than LVNV holds the security interest in the PT Cruiser, then her objection might succeed in the face of inaction from the claimant. Such evidence would tend to "meet, overcome, or at least equalize" the statements in the proof of claim that LVNV holds a security interest in the debtor's PT Cruiser.

The Court also has not foreclosed the possibility that an objection premised on a failure to attach evidence of perfection, *if coupled with well-supported assertions that the claim is unperfected*, may be sufficient to overcome the evidentiary effect of the claim. *See Drake*, 363 B.R. at 4. But success in this endeavor is not certain. A claim objection based on lack of perfection is really an attempt to avoid a lien using the trustee's strong-arm powers of 11 U.S.C. § 544(a). If the debtor pursues this option, she will have to grapple with other questions the Court may be forced to answer. For example, in what circumstances, if any, can a lien-avoidance action be adjudicated in a claim objection, rather than an adversary proceeding? *See, e.g., id.* at 4 n.2 and cases cited therein; *Bank of New York Mellon Tr. Co. v. Wittman*, No. 12-C-846, 2013 WL 173801, at *2 (E.D. Wis. Jan. 16, 2013). In addition, does a Chapter 13 debtor have standing to avoid a lien under section 544(a), particularly when the lien is voluntary? *Compare Crawley v. Aurora Loan Servs. (In re Crawley)*, 318 B.R. 512, 515 (Bankr. W.D. Wis. 2004) (Chapter 13 debtors cannot invoke the trustee's § 544(a)(3) strong-arm powers) *and Smith v. SIPI, LLC (In re Smith)*, 811 F.3d 228, 241 (7th Cir. 2016) (Chapter 13 debtors have "the right to bring 'legal claims that could be prosecuted for benefit of the estate,'" and therefore the debtors had standing to assert a fraudulent transfer claim under § 548); *see also In re Brennan*, 208 B.R. 448, 453–54 (Bankr. S.D.

Ill. 1997) (§ 522(h) limits a debtor's ability to invoke § 544(a)(1) to preserve exemptions, to liens that were not voluntarily granted). These questions are intended to illustrate, and not to limit the scope of, the Court's possible future inquiry.

To decide Ms. Rodriguez's present objection, those questions can remain unanswered. The narrow issue before the Court is whether the debtor's claim objection is legally and factually sufficient to establish a basis for the disallowance of Resurgent's claim in its entirety. It is not.

IT IS THEREFORE ORDERED that Ms. Rodriguez's objection to proof of claim number 8, filed by LVNV Funding LLC c/o Resurgent Capital Services, is OVERRULED, without prejudice to her filing a renewed or amended objection that describes with specificity the bases for disallowance under § 502(b) and is accompanied by sufficient evidentiary support, such as an affidavit of an individual with personal knowledge of the relevant facts—presumably the debtor—in compliance with Local Rule 3007(b).

Dated: November 29, 2018

By the Court:

Beth E. Hanan
United States Bankruptcy Judge